**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MICHAEL J. RAPPA**
Johnson, Rappa & Ivancevich, LLC
Merrillville, Indiana

ATTORNEY FOR APPELLEE:

**TRACY A. COLEMAN**
Robert L. Lewis & Associates
Gary, Indiana

**FILED**

Feb 06 2012, 9:11 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CONTINENTAL ELECTRIC CO., INC., | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 45A05-1105-PL-247 |
| | ) | |
| GARY COMMUNITY SCHOOL CORPORATION, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |
| | ) | |

INTERLOCUTORY APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable William E. Davis, Judge
Cause No. 45D05-1103-PL-20

**February 6, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Continental Electric appeals the trial court's denial of a preliminary injunction after it claims Gary Community School Corporation (GCSC) improperly awarded a public works contract to Great Lakes Electrical Maintenance, Inc. (GLEM). Finding that the trial court did not abuse its discretion in holding that Continental Electric failed to show a prima facie case, irreparable harm, or that the public interest would be better served by the granting of the preliminary injunction, we affirm.

**Facts and Procedural History**

The GCSC was commencing a construction project on Locke Elementary School and announced on January 25, 2011, that it would accept sealed bids for, among other things, an electrical contract. Continental Electric and GLEM both submitted bids for the project. The bidding requirements for this project were set forth in the bidding documents and required a statement from a surety company that it would issue a performance bond and a payment bond within three days of being awarded the contract. However, the documents also explicitly stated that GCSC encouraged incremental bonding and that GCSC was free to waive any bidding formalities. Appellant's App. p. 36, 186.

After reviewing the bids, GCSC awarded the contract to GLEM, the lowest bidder. GLEM did not provide a statement from a surety company, but instead provided GCSC with a certified check in the amount of $85,000 and a proposal that an incremental bond would be used. Continental Electric filed a Verified Complaint for Injunctive Relief,

2

claiming that GCSC had violated Indiana statute by awarding the contract to GLEM, whose bid was nonresponsive to the bidding requirements.

On March 21, 2011, a hearing was held on Continental Electric's motion for preliminary injunction. On March 28, 2011, GLEM obtained and filed a performance bond with the court. A telephonic conference was held and Continental Electric was given five days in which to respond to the filing of the performance bond. No such response was filed as of April 15, 2011. On April 18, 2011, the trial court denied Continental Electric's motion for a preliminary injunction for failure to establish a prima facie case, show irreparable harm, and show that the public interest would be better served by granting the preliminary injunction.

Continental Electric now appeals.

### Discussion and Decision

The grant or denial of a request for a preliminary injunction rests within the sound discretion of the trial court, and our review is limited to whether there was a clear abuse of that discretion. *Gleeson v. Preferred Sourcing, LLC*, 883 N.E.2d 164, 171-72 (Ind. Ct. App. 2008) (citing *Cent. Ind. Podiatry, P.C. v. Krueger*, 882 N.E.2d 723, 727 (Ind. 2008)). When determining whether to grant a preliminary injunction, the trial court is required to make special findings of fact and state its conclusions thereon. *Id.* at 172. When findings and conclusions thereon are made, we must determine if the trial court's findings support the judgment. *Id.* We will reverse the trial court's judgment only when it is clearly erroneous. *Id.* A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. *Id.* We consider the

3

evidence only in the light most favorable to the judgment and construe findings together liberally in favor of the judgment. *Id.* Moreover, "[t]he power to issue a preliminary injunction should be used sparingly, and such relief should not be granted except in rare instances in which the law and facts are clearly within the moving party's favor." *Id.* (quotation omitted).

To obtain a preliminary injunction, the moving party has the burden of showing by a preponderance of the evidence the following: (1) a reasonable likelihood of success at trial; (2) the remedies at law are inadequate; (3) the threatened injury to the movant outweighs the potential harm to the nonmoving party from the granting of an injunction; and (4) the public interest would not be disserved by granting the requested injunction. *Id.* (citing *Krueger*, 882 N.E.2d at 727). If the movant fails to prove any of these requirements, the trial court's grant of an injunction is an abuse of discretion. *Id.* (citing *Ind. Family & Soc. Servs. Admin. v. Walgreen Co.*, 769 N.E.2d 158, 161 (Ind. 2002)).

Continental Electric contends that GLEM's bid was nonresponsive to the bidding requirements and that the trial court therefore abused its discretion in denying the preliminary injunction by finding that Continental Electric failed to show a prima facie case, irreparable harm, or that the public interest would be better served by the granting of the preliminary injunction. Viewing the evidence in the light most favorable to the judgment, we disagree.

Along with its bid, GLEM provided a certified check in the amount of $85,000.00 and a proposal for incremental bonding rather than providing a statement from a surety company that it would issue a performance bond and a payment bond within three days

4

of being awarded the contract, as the bid book requested. Appellant's App. p. 20, 31-32. Continental Electric argues that this makes the bid nonresponsive to GCSC's bidding requirements. Indiana Code section 36-1-12-4 requires the awarding of public works projects to the lowest responsive and responsible bidder. However, in the front-end bid documents, it was explicitly stated that GCSC "promotes incremental bonding and other appropriate strategies designed to assist Gary businesses and to increase local employment opportunities," *id.* at 36, and GCSC represented that it "reserve[d] the right to reject any and all bids and to *waive any formalities in the bidding*." *Id.* at 186 (emphasis added). Therefore, we find that it was not an abuse of the trial court's discretion to find that this bid was responsive to the bid requirements.

Additionally, at the preliminary injunction hearing, it was said that payment and performance bonds do not need to be acquired before work on the project begins and GLEM had yet to begin work. Tr. p. 35-36. Also, after the hearing, GLEM obtained and filed a performance bond with the court. A telephone conference was held, and Continental Electric had five days in which to file a response to the filing of the performance bond, which they failed to do. Appellant's App. p. 4.

Construing these findings in favor of the judgment, we find that the trial court did not abuse its discretion in finding that GLEM's bid was responsive to the bid request. Continental Electric failed to show that it had a prima facie case, had suffered irreparable harm, or that the public interest would be better served by the granting of the preliminary injunction. We therefore affirm.

Affirmed.

ROBB, C.J., and NAJAM, J., concur.